IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JONNETTE WATSON, ) | Civ. NO. 09-00286 SOM/LEK |
| ) | |
| Plaintiffs, ) | |
| ) | ORDER DISMISSING COMPLAINT; |
| vs. ) | ORDER DENYING AS MOOT |
| ) | PLAINTIFF'S APPLICATION TO |
| STATE DEPUTY ATTORNEY ) | PROCEED WITHOUT PREPAYMENT OF |
| GENERAL; FAMILY JUDGE; ) | FEES; ORDER DENYING AS MOOT |
| HONOLULU POLICE DEPARTMENT; ) | PLAINTIFF'S MOTION FOR |
| PUBLIC SCHOOL VICE PRINCIPAL; ) | TEMPORARY RESTRAINING ORDER |
| and DEPARTMENT OF EDUCATION, ) | |
| STATE OF HAWAII. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT PLAINTIFF'S
APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES; ORDER DENYING
AS MOOT PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

On June 23, 2009, Plaintiff Jonnette Watson filed a Complaint, an Application To Proceed Without Prepayment of Fees ("Application"), and a motion for temporary restraining order ("TRO"). The court DISMISSES her Complaint without prejudice and DENIES as moot the Application and the TRO motion.

I.      DISCUSSION.

A court may deny leave to proceed in forma pauperis at the outset if it appears from the facts of the proposed complaint that the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). See Tripati v. First Nat'l Bank & Trust, 821 F.2d

1368, 1370 (9th Cir. 1987) (citing Reece v. Washington, 310 F.2d 139, 140 (9th Cir. 1962)).

Although Watson's Complaint is confusing, it appears that she is complaining that her daughter was taken from her by Child Protective Services and that her parental rights were terminated in Family Court for the State of Hawaii. It is unclear what Watson is alleging. However, because she appears to be challenging a state-court decision regarding child custody, any such challenge must be made through the state-court appellate process. Watson may not appeal that state-court decision to this court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).

Under the Rooker-Feldman doctrine:

> a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.

Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting Johnson v. DeGrandy, 512 U.S. 997, 1005 (1994)). Federal district courts lack jurisdiction to conduct direct reviews of state court judgments even when federal questions are presented. Allah v. Superior Ct. of State of Cal., 871 F.2d 887, 891 (9th Cir. 1989). Accord Mackay v. Pfeil, 827 F.2d 540, 543 (9th Cir. 1987) ("Federal district courts, as courts of original

jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts."). Jurisdiction is lacking even if the state court decision is challenged as unconstitutional. Feldman, 460 U.S. at 486; Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995) ("As courts of original jurisdiction, federal district courts have no authority to review the final determinations of a state court in judicial proceedings.  This is true even when the challenge to a state court decision involves federal constitutional issues.") (citations omitted).  Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and may seek review by the United States Supreme Court.  See Feldman, 460 U.S. at 482-483; Bennett, 140 F.3d at 1223 (noting that the rationale behind the Rooker-Feldman doctrine "is that the only federal court with the power to hear appeals from state courts is the United States Supreme Court").  Because Watson's claims are barred by the Rooker-Feldman doctrine, her Complaint is dismissed and her Application and TRO motion are denied as moot.

Watson is granted leave to file an Amended Complaint no later than July 17, 2009.  In any Amended Complaint, Watson should clearly state the relief she is seeking, as well as allege the factual basis demonstrating that she is entitled to relief.

Additionally, Watson should consider writing in a very simple manner that will allow the court to understand her claims.

II.     CONCLUSION.

For the foregoing reasons, the court DISMISSES the Complaint and DENIES as moot Watson's Application To Proceed Without Prepayment of Fees and her Motion for Temporary Restraining Order.  Watson is given leave to amend her Complaint to state viable claims, as well as file another Application or pay the appropriate filing fee, by July 17, 2009.  If Watson fails to (1) amend her Complaint and (2) pay the filing fee or submit another Application by July 17, 2009, her action will be automatically dismissed without further order of this court.  If Watson files an Amended Complaint and files another Application or pays the appropriate filing fee, she may, of course, file another motion for TRO.

The Clerk of Court is directed to send a copy of this order to 1) Plaintiff; 2) Mark Bennett, the Attorney General for the State of Hawaii, at 425 Queen Street, Honolulu, HI 96813; and

3) Carrie Okinaga, Corporation Counsel for the City and County of Honolulu, at 530 S. King Street, Rm. 110, Honolulu, HI 96813.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, June 23, 2009.



    /s/ Susan Oki Mollway
    Susan Oki Mollway
    United States District Judge

Jonnette Watson v. State Deputy Attorney General, Civil No. 09-00286 SOM/LEK; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES; ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER